Wilson *et al. v.* Campbell *et al.*

W. J. GATEWOOD, for the appellant, cited Lord Raymond's Reports; 1 Pirtle 95; 2 do. 105–10; 1 Bibb 265; Wendell 249.

A. COWLES, for the appellee.

---

JOSEPH L. WILSON and THOMAS S. HINDE, appellants *v.* JOHN C. CAMPBELL, JOHN BROWN, and JOHN GARDNER, appellees.

*Appeal from Edwards.*

Where at the bottom of a bond made by a principal and his surety, a memorandum was annexed, that " This bond is executed by Mr. H. as security for Mr. W., the principal :" *Held* that the fact contained in said memorandum, could not be pleaded to an action on the bond against the surety. *Held*, also, that it was unnecessary to notice the memorandum in the declaration.

Where two persons execute a bond, one as principal and the other as surety, one is equally as much bound to the obligee as the other.

*Semble,* That the signing as surety, is only evidence between the obligors, of the character of the obligation of each.

THIS was an action of *covenant* commenced by the appellees against the appellants, in the Edwards Circuit Court, upon the following bond:

" On or before the twenty-first day of March, eighteen hundred and thirty-seven, we bind ourselves and our heirs, jointly and severally, to pay to John C. Campbell, John Brown, and John Gardner, or to either of them, the sum of five hundred and twenty dollars, with interest from the date hereof. Witness our hands and seals, this twenty-first day of March, 1836.

JOSEPH L. WILSON, [L.S.]
TH. S. HINDE, [L.S.]

Memorandum that this bond is executed by
Mr. Hinde, as security for Mr. Wilson,
the principal. C. E. DODDRIDGE, for the obligees.'

This cause was tried at the April term, 1838, of the Court below, before the Hon. Justin Harlan. Judgment was rendered against the appellants for $585.

H. EDDY, for the appellants, contended that the demurrer should have been sustained to the declaration.

E. B. WEBB, for the appellants, cited the following authorities:

2 Am. Dig. 80 and 535, Hunt *v.* Adams, 5 Mass. 358, showing that signing as surety makes no distinction; 2 Tuck. Com. 126; 1 Chit. Plead. 353, As to the manner a deed should be pleaded; 1 Chit. Plead. 662–3; 2 Tuck. Com. 267, Demurrer only reaches error in substance; 5 Bac. Abr. 322; 2 Tuck. Com. 270, Pleading over aids some defects of substance and all of form; 2 Con. Rep. 550, Ferguson *v.* Harwood, What variance material, and what parts of a contract necessary to be set forth. Variance immaterial if it do not change the legal effect of a contract; 3 Stark. Ev. 1590 in note, 1550 note 1, 1558–9 note 3; 13 Johns. 449; 19 Johns. 421.

BROWNE, Justice, delivered the opinion of the Court:

This was an action of *covenant* brought in the Circuit Court by John C. Campbell and others, against Joseph L. Wilson and Thomas S. Hinde, on a bond for the payment of money. The bond was signed and sealed by the said Wilson and Hinde. At the foot of the covenant, was this memorandum, " That this bond is executed by Mr. Hinde as security for Mr. Wilson, the principal." The declaration contained no reference whatever to this memorandum. Defendant below craved *oyer*, and pleaded the fact that Hinde signed as security only, and plaintiffs below

knew it, and accepted it as such. Demurrer to the plea sustained, and thereupon damages assessed, and judgment. To reverse the judgment of the Court below, an appeal is brought to this Court, by Hinde. The Court did right in sustaining the demurrer to the plea. It may be that Hinde was only security to Wilson, still Hinde is bound with Wilson, to Campbell and others. Whether Hinde is security or principal, he is equally bound with Wilson to discharge the obligation to John C. Campbell and others.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

*Note.* Where sureties bind themselves jointly and severally as principals in a bond, there is no difference as to their liability in equity for the debt between them and the principal debtor, for whom they are sureties. U. S. *v.* Cushman, 2 Summer's C. C. R. 426.

Where a lease was made to two, one of whom was sole occupant of the premises, which he held over the term, and debt for the rent of the whole period of actual occupancy, was brought against both: It was held that the other lessee was not estopped to show that he signed the lease only in the character of surety, for the term specified, without having in fact occupied the premises at any time, and that he was not liable for rent after the time mentioned in the writing, the holding over, being, as to him, no continuance of the lease. Kennebec Bank *v.* Turner *et al.*, 2 Greenleaf 42.